**ESSO EXPORT CORPORATION,**
Libelant,

v.

**THE CORTES, her tackle, etc.,**
Respondent,

**Tampa Ship Repair and Dry Dock Company, Inc., Claimant,**

No. 2532.

United States District Court
S. D. Alabama, S. D.
Dec. 29, 1955.

George F. Wood, of Pillans, Reams, Tappan, Wood & Roberts, Mobile, Ala., for libelant.

Thomas A. Hamilton, of Hamilton, Denniston, Butler & Riddick, Mobile, Ala., for respondent.

THOMAS, District Judge.

Findings of Fact

1. Libelant is a corporation organized under the laws of the State of Delaware, with its principal place of business at New York, New York.

2. During the months of June and July 1954, Tampa Ship Repair and Dry

Dock Company, Inc., the claimant herein, was the owner of the M/V Cortes and during those months South Pacific Steamship Lines, Inc., was operating said vessel under a charter with agreement of sale, by the terms of which charter-party the charterer was forbidden to impose maritime liens upon said vessel.

3. On May 6, 1954, Burt Welsford, Jr., President of South Pacific Steamship Lines, Inc., appeared at the offices of the credit manager of libelant and requested that the said M/V Cortes be supplied from time to time with fuel oil on credit. At that time the applicant furnished certain references and advised libelant that his company was negotiating a bareboat charter or a purchase of the said M/V Cortes from Tampa Ship Repair and Dry Dock Company, Inc., the owner.

4. On May 7, 1954 libelant wrote to claimant as follows:

"We have been approached by the subject for the supply of bunker fuel to the S. S. 'Cortez'. We understand that effective May 25, the subject will operate the 'Cortez' under a bareboat charter including an agreement of sale. We understand you to be the present owner and would appreciate your confirming the above.

"We would greatly appreciate any additional information you might offer which would assist us in making our credit appraisal of the subject company."

The subject referred to in said letter was South Pacific Steamship Lines, Inc.

5. On May 13, 1954 claimant answered libelant's letter as follows:

"In answer to your letter of May 7th regarding the above referenced company purchasing the Cortez, this is to advise that the final contract has not been signed, but from all indications, it will be concluded by the 18th or 19th of May. If anything develops that might alter this situation, I will be glad to advise you accordingly."

6. There was no prior or subsequent exchange between libelant and claimant touching the conditions or limitations under which South Pacific had management of the vessel until after all the fuel oil above mentioned had been supplied to the said vessel.

7. During the months of June and July 1954 libelant furnished and delivered to the said M/V Cortes fuel oil of the reasonable value of $7,998.71, upon the order of South Pacific Steamship Lines, Inc. The said South Pacific Steamship Lines, Inc., was at the ports of supply of such fuel oil, the person to whom the management of the said vessel was entrusted.

8. There is no showing of bad faith or negligence equivalent thereto in the filing of the libel in this cause.

Conclusions of Law

1. This matter is properly within the admiralty and maritime jurisdiction of this Court.

2. A maritime lien arose in favor of the libelant against the M/V Cortes, notwithstanding the limitation in the charter-party, if libelant used reasonable diligence to ascertain the charterer's authority or lack thereof, to create such a lien.

3. Libelant made due inquiry with reasonable diligence into the authority of the South Pacific Steamship Lines, Inc., to pledge the credit of the vessel and a maritime lien arose when libelant supplied and delivered to the vessel the fuel oil aforesaid.

The obligation so imposed is to inquire, not necessarily to ascertain. The owner, if inquiry is made, is likewise under obligation to use diligence in apprising the supplier of any limitations upon imposing maritime liens, appearing in the charter-party.

The "reasonable diligence" notion is aptly treated in the case of John Baizley Iron Works v. United States, D.C., 6 F.2d 25, 26, where the Court says: "If there was such absence of rightful power [to impose liens], which upon inquiry might

508

have been known, no right of lien exists, *if no inquiry was made.* If inquiry was made, from which (whatever its promise) nothing was learned, the question becomes one into the sufficiency of the inquiry. The duty of the libelant is, *not to 'ascertain,' but to inquire.* If proper inquiry is made, and nothing is learned, then the inquiry requirement of the act has been met." (Emphasis supplied.)

The shifting of the responsibility, once inquiry is made, from the supplier to the owner is pointed out in the case of The Hurricane, D.C., 2 F.2d 70, decided in the Eastern District of Pennsylvania and affirmed by the Court of Appeals, Third Circuit, at 9 F.2d 396, adopting the lower Court's opinion. There the owner had failed to record a conditional sales agreement which prohibited the imposition of maritime liens and had allowed the purchaser to display its name prominently on the dredge concerned. The Court placed upon the owner some duty to make known to suppliers the fact of ownership, going on to say: "Assuming that Moore & McCormack Company was the owner, it is quite apparent that it did not itself exercise any reasonable diligence to make known to creditors or any one, including the lien claimants, the fact of its ownership." [2 F.2d 71.]

4. Libelant is entitled to recover from the said M/V Cortes, its claimant and stipulators the sum of $7,998.71, the reasonable value of said fuel oil; is entitled to interest at the rate of 6% per annum for the period from July 13, 1954, when the libel was filed to September 27, 1955, when the cause was tried; and to its costs; all of which constitutes a lien against said vessel.

5. The libel having been filed in good faith and the ordinary procedures in matters of this kind followed by libelant, no liability arose to claimant because of the arrest and delay of the vessel, and claimant and cross-libelant is not entitled to recover under its cross-libel.